2024 IL App (1st) 241364-U

FOURTH DIVISION
OCTOBER 3, 2024

No. 1-24-1364B

NOTICE: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 21CR10291, 20CR12820 |
| | ) | |
| KARON BRUNT, | ) | Honorable |
| | ) | James M. Obbish, |
| Defendant-Appellant. | ) | Judge Presiding. |

_____

JUSTICE LYLE delivered the judgment of the court.
Presiding Justice Rochford and Justice Ocasio concurred in the judgment.

ORDER

¶ 1    *Held*:  The circuit court's orders granting the State's petitions for pretrial detention are affirmed.

¶ 2    On May 28, 2024, the defendant-appellant, Karon Brunt, filed a petition for release from detention. On June 5, 2024, the State filed petitions for pretrial detention in both of Mr. Brunt's pretrial cases. After the circuit court conducted a hearing on the petitions, the court granted the State's petitions for pretrial detention under the dangerousness prong. On appeal, Mr. Brunt

challenges the circuit court's orders. For the reasons that follow, we affirm the judgments of the circuit court of Cook County.

¶ 3                                         BACKGROUND

¶ 4     On June 30, 2020, Mr. Brunt was arrested and he was subsequently charged with unlawful possession of a weapon by a felon, aggravated unlawful use of a weapon, aggravated battery, and resisting arrest (20CR12820). On July 1, 2020, after a bond hearing, Mr. Brunt was released on bond.

¶ 5     On July 7, 2021, Mr. Brunt was arrested and charged for an incident that allegedly occurred on May 23, 2021, while Mr. Brunt was on bond (21CR10291). Mr. Brunt was charged with unlawful possession of a weapon by a felon, aggravated unlawful use of a weapon, aggravated battery with a firearm, aggravated unlawful restraint, armed habitual criminal, and attempted murder with a firearm. He was held on a no bail order. On May 28, 2024, Mr. Brunt filed a petition for pretrial release from detention as to both cases. In the petition, he argued he should be released because he was allegedly battered by his fellow inmates who called and coerced his mother to send them money. He acknowledged that under normal circumstances the request for pretrial release would be frivolous. On June 5, 2024, the State filed a petition for pretrial detention hearings in both cases.

¶ 6     On June 5, 2024, the trial court conducted a hearing on the petitions for pretrial detention. Mr. Brunt's attorney made a brief statement to the court saying that even though ordinarily a petition for release "might be frivolous" given the charges, he filed the petition because Mr. Brunt was attacked by multiple inmates, sustaining "multiple stab wounds, bruises, and a concussion." In the hearing, the State proffered that, in the 2021 case, Mr. Brunt and the victim were talking

- 2 -

when the victim walked away and observed Mr. Brunt following her. The victim saw him adjust a black handgun in his waistband and she entered the passenger's side of her friend's car. Mr. Brunt approached the vehicle and shot at the victim. She sustained 10 gunshot wounds. The victim later identified Mr. Brunt, and he was arrested.

¶ 7    Regarding the 2020 charges, the State alleged that on June 30, 2020, officers conducted a traffic stop when they observed Mr. Brunt had illegally parked his vehicle near a retail store. When the officers asked for his identification, Mr. Brunt reached toward a bag he was wearing across his chest before saying his wallet had been stolen. He gave officers his personal information, and when they inputted his information in their database, officers discovered his driver's license was suspended. Mr. Brunt said he wanted to give the car keys to his girlfriend who was inside the store. The officers let him go into the store but when he went up the escalator to the second floor, he jumped from the second floor to the first floor and ran out the door. The officers chased him to the top of the stairs of a Red Line station. When one of the officers tried to detain him, Mr. Brunt grabbed the officer by the shoulders and pushed both officers down the stairs. Other officers came to the scene and helped to handcuff Mr. Brunt, while Mr. Brunt threw the red bag, which had been across his chest, up the stairs. Officers recovered the bag and discovered a .40-caliber semiautomatic handgun within the bag. In terms of his background, Mr. Brunt had two other aggravated unlawful use of a weapon convictions, one in 2012 and another in 2015, for which he served time in prison, along with six misdemeanors. He had no FOID card or concealed carry license.

¶ 8    After reviewing the evidence presented, the trial court found that Mr. Brunt has "no respect whatsoever with the law regarding firearms." The court ruled that the proof was evident and the

presumption great that Mr. Brunt committed the crimes in both cases. As to the dangerousness prong in the first case, the court noted that Mr. Brunt had two felony gun convictions, fled from police, and then injured an officer while trying to complete his escape. While addressing the prong in the second case, the court highlighted that Mr. Brunt allegedly shot a woman at least 10 times while she was in her car. The court found that no condition or combination of a conditions could mitigate the threat since defendant was on bond for the first case, when he allegedly committed the second case which involved trying to kill someone by shooting them at least 10 times. The court granted the State's petitions for pretrial detention. While describing the allegations of Mr. Brunt's battery as "troubling," the court noted that it was a problem for the department of corrections to address.

¶ 9     On June 11, 2024, Mr. Brunt filed a motion for relief from the detention order. In the motion, he reiterated the alleged beating and extortion he suffered in prison. He claimed that the trial court could have fashioned a less restrictive alternative to detention that mitigated the threat to the community. Presumably, the trial court denied the motion as the State represents in its memorandum; however, the record is devoid of the order on the motion for relief. On June 25, 2024, Mr. Brunt filed his notice of appeal.

¶ 10                              ANALYSIS

¶ 11    We note that we have jurisdiction to consider this matter, as Mr. Brunt filed a timely notice of appeal. See Ill. S. Ct. R. 604(h)(1)(iii) (eff. Apr. 15, 2024).

¶ 12    We initially note that Mr. Brunt decided not to file an appellant memorandum and stands on the notice of appeal. In his motion for relief, he alleged that the trial court erred by finding that no condition or combination of conditions could mitigate the threat to others.

¶ 13  Illinois Supreme Court Rule 604(h)(2) (Ill. S. Ct. R. 604(h)(2) (eff. Apr. 15, 2024)) states:

> "As a prerequisite to appeal, the party taking the appeal shall first present to the trial court a written motion requesting the same relief to be sought on appeal and the grounds for such relief. The trial court shall promptly hear and decide the motion for relief. Upon appeal, any issue not raised in the motion for relief, other than errors occurring for the first time at the hearing on the motion for relief, shall be deemed waived."

¶ 14  Pursuant to Rule 604(h)(2), Mr. Brunt's motion for relief did not challenge the trial court's findings as to the evidence of the crime or that he posed a danger to the community. Therefore, he waived any arguments as to those findings.

¶ 15  Under section 110-6.1(a)(1.5) of the Criminal Code of 1963 (725 ILCS 5/110-6.1(a)(1.5) (West 2022)), a trial court may deny a defendant pretrial release only if, "the defendant's pretrial release poses a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case, and the defendant is charged with a forcible felony." Moreover, though all defendants "shall be presumed eligible for pretrial release," the State bears the burden of proving by clear and convincing evidence that "the proof is evident or the presumption great" that the defendant committed an offense listed in section 110-6.1(a) of the Code; that the defendant "poses a real and present threat to the safety of any person or persons or the community, based on articulable facts; and that "no condition or combination of conditions set forth in subsection (b) of section 110-10 [of the Code] can mitigate (i) the real and present threat to the safety of any person or persons or the community" for the enumerated offenses in section 110-6.1(a) of the Code, or "(ii) the defendant's willful flight for offenses listed in section 110-6.1(a)(8) of the Code." 725 ILCS 5/110-6.1(e) (West 2022)).

¶ 16    The standard of review for the determination regarding whether any condition or combination of conditions could mitigate the safety threat or flight risk of a defendant is an abuse of discretion. *Whitaker*, 2024 IL App (1st) 232009, ¶ 68. "An abuse of discretion occurs when the circuit court's decision is 'arbitrary, fanciful or unreasonable,' or where 'no reasonable person would agree with the position adopted by the trial court.' " *People v. Simmons*, 2019 IL App (1st) 191253, ¶ 9 (quoting *People v. Becker*, 239 Ill. 2d 215, 234 (2010)).

¶ 1 Mr. Brunt was convicted of two-gun offenses, while on bond for another gun offense, when he shot someone at least 10 times. The court correctly noted that Mr. Brunt has no regard for the law especially when it comes to possession of a firearm. More concerning is the fact that Mr. Brunt's alleged actions are escalating as he shot at someone multiple times during his most recent offense. Based on his alleged conduct, he posed an extreme threat to the community and there was no indication that any restrictions would limit his ability to possess a firearm and the potential safety risk to the public. While we understand the potential threat to Mr. Brunt in jail, it is the responsibility of the Illinois Department of Corrections to ensure his safety and for law enforcement to protect his family. Therefore, we find that the trial court did not abuse its discretion by finding that no conditions or combination of conditions could mitigate the danger to the community. Even if we to consider this matter under the *de novo* standard of review, as other courts have suggested, our determination would not change. As a result, we find that the court did not err by granting the State's petitions to detain Mr. Brunt.

¶ 17                                CONCLUSION

¶ 18    For the foregoing reasons, we affirm the orders of detention of the circuit court of Cook County.

¶ 19 Affirmed.